# Bailey *v.* Young Women's Christian Association of Philadelphia, Appellant.

*Corporations — Young Women's Christian Association — Membership — Right to vote — Constitution and by-laws — Minors — Branch associations—"Church"—Denomination not congregation.*

The constitution of a young women's Christian association provided that "any woman who was a member in regular standing of an evangelical church may become an active member of this association by the payment of one dollar annually. Active members only shall have the right to vote." Applicants, qualified as church members, who paid the fee of one dollar, received cards which certified that they were active members of the association. It was not the practice of the association to formally elect its active members. A section of the by-laws provided that "the name, residence and denomination of a candidate for election must be presented in writing to the membership committee one week previous to a regular meeting of the board." *Held:*

(a) That this section of the by-laws, standing in connection with other sections, indicated that it referred to elections of the board of managers, and not to the election of members of the association.

(b) That persons who held certificates that they were active members of the association had the right to vote.

(c) That members of branch associations had the right to vote in the absence of any provision of the constitution or by-laws to the contrary.

(d) That minors had the right to vote where there was no restriction against them imposed by the constitution or by-laws.

(e) That the word "annually" was intended merely to indicate the period during which a single payment entitled to membership, and not to indicate a period of years until the holder became of age.

(f) That the word "church" meant a church denomination, and not the separate congregation of each denomination, within the meaning of a provision that the board of managers "shall consist of the officers of the association together with not more than ten persons from each church selected from the members of the association."

Argued January 13, 1920. Appeal, No. 166, Jan. T., 1920, by defendants, from decree of C. P. No. 5, Phila-

delphia Co., Sept. T., 1918, No. 1563, on bill in equity in
case of Elsie Bailey et al. v. Young Women's Christian
Association of Philadelphia et al.  Before BROWN, C. J.,
MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ.  Af-
firmed.

Bill in equity for an injunction, and for the appoint-
ment of a master to conduct a corporate election.

Exceptions to the report of John M. Scott, Esq., mas-
ter, were dismissed by the court.  Defendants appealed.

*Errors assigned* were in dismissing exceptions to the
master's report.

*Theodore F. Jenkins,* with him *William H. Peace,* for
appellant.

*Benjamin O. Frick,* with him *Prichard, Saul, Bayard
& Evans,* for appellee.

OPINION BY MR. JUSTICE FRAZER, January 17, 1920:

This is an appeal from a decree dismissing exceptions
to the report of a master appointed for the purpose of
conducting the annual election of the board of managers
of the Young Women's Christian Association of Phila-
delphia, an association incorporated for the purpose of
looking after the moral and religious welfare of young
women dependent upon their own exertions for their
support.  The various questions involved relate mainly
to the qualification of voters and the number of candi-
dates which make up the board of managers under the
provisions of the constitution of the association. Article
VII of the constitution provides, inter alia, for the hold-
ing of meetings of the association on the last Wednes-
day of January, April, June and October, of each year.
At each January meeting the board of managers is to
be elected for the ensuing year, from candidates selected

by the nominating committee chosen at the preceding October meeting.

Plaintiffs had been excluded from voting at the October meeting in 1918 and had been notified by defendants they would also be excluded from the annual meeting to be held in January, whereupon plaintiffs filed their bill to enjoin defendants from interfering with their right to attend and vote at the association's meetings. In compliance with the prayers of this bill a master was appointed to conduct the election and see that the orders of the court were duly carried out.

Article III of the constitution of the association provides that "any woman who is a member in regular standing of an evangelical church may become an active member of this association by the payment of the sum of one dollar annually. Active members only shall have the right to vote and be eligible to office." Complainants were members in regular standing of evangelical churches and had duly made application to the association for active membership, paid the fee of one dollar, and received cards which certified they were active members of the "Young Women's Christian Association, 18th and Arch streets, Philadelphia, Pa." Notwithstanding this membership card, the right of the plaintiffs to vote at the annual election is denied by defendants on the ground they had never been formally elected to membership in the association, and, in support of this contention, article VIII of the by-laws is pointed to which provides that: "The name, residence and denomination of a candidate for election must be presented in writing to the membership committee one week previous to a regular meeting of the board." It does not appear to have been the practice of the association to formally elect its active members. The usual custom was for the applicant for membership to fill out a printed application blank at the office of the association and pay the fee, whereupon a membership card in the form above stated was given the applicant. An examination of

article VIII, and other articles of the by-laws, indicates
the clause quoted does not refer to the election of mem-
bers of the association, but to election of members of the
board of managers.   The first article of the by-laws
states the order of the business meeting of the board,
and the following articles, to the eighth, refer to the
duties of the committees and officers, all of whom are
members of the board.   The first paragraph of article
VIII provides that any member of the board absent with-
out cause for three consecutive meetings should be con-
sidered as having resigned, and the second contains a
similar punishment for absence of a member of a stand-
ing committee.   This is followed by the provision quoted,
requiring the name, residence and denomination of a
candidate for election to be presented in writing a week
prior to the regular meeting of the board.   The entire
article relates to membership in the board.   There is
nothing in its provisions justifying the construction
defendants seek to place upon it.   The minutes of the
board, in which reference is made to new names pre-
sented for membership, offered in evidence by defend-
ants, indicate the membership to which applicants were
to be elected was of the board of managers and not mem-
bership in the defendant association.   It does not appear
in what manner the "membership committee" was con-
stituted, but it seems to have been conceded at the hear-
ing that it was identical with the "nominating commit-
tee" referred to in article II of the by-laws, whose duty
it was to propose a list of candidates for office to be voted
for at the following annual election.   Our conclusion is
that the delivery of a membership card in accordance
with the practice of the association conferred upon the
applicant full rights of an active member.

The right of members of a branch association to vote
at the annual election of the board of managers of the
association is also questioned.   Article VIII of the con-
stitution provides that branch associations may be es-
tablished from time to time "which shall be carried on

under the direction of this association; each branch thus established shall submit a report to the executive committee at its meeting prior to the meeting of the board of managers and also to said board at its regular monthly meeting. The expenditure of all moneys by branches thus established shall only be made after approval by the executive committee." Under this clause several branches, including what is known as the "Kensington Branch," were established. It is conceded this branch was directly under the control of the board of managers of the Young Women's Christian Association, and was not a separate organization in any sense of the word. Membership cards issued, certified that the applicant was an active member in the Young Women's Christian Association, not in a branch thereof. All fees were sent to the central office where the records of the association were kept. In fact it was not seriously contended in the court below that there was any distinction in membership between those who attended the branch association and those who attended the central organization. No distinction seems to be provided for or contemplated by any provision of the constitution or by-laws and it is not our duty to make one for the association.

Objection was also made that minors did not have the right to vote. We find no provision in either the constitution or by-laws of the association warranting imposing such restriction upon the members. Article III of the constitution provides that "Any woman who is a member in regular standing of an evangelical church may become an active member of this association by the payment of one dollar annually." We know of no legal age limit placed upon membership in the evangelical churches, nor is there such limitation. There is no merit in the contention that the payment of a single membership fee was not a "payment of one dollar annually" within the meaning of article III of the constitution. The word "annually" was evidently intended merely to indicate the period of time during which a single pay-

ment entitles to membership. The membership cards issued state that the person named "is an active member," without qualification indicating the membership must be continued for two, three or more years, until majority, before the holder should enjoy the privilege of voting contemplated by any provision of either the constitution or by-laws of defendant association. If women under the age of 21 are admitted to active membership, the right to vote and be a candidate for office is also conferred upon them.

A question is also raised as to the construction of article V of the constitution providing that the board of managers "shall consist of the officers of the association, together with not more than ten persons from each church selected from the members of the association," the contention of appellants being that the word "church" means church congregation and that ten members from each congregation having members in the association are eligible. On the other hand, the court below decided the word meant each church denomination and not the separate congregations of each denomination. The object apparently was to obtain a representation from all evangelical churches, regardless of the number of the individual congregations making up those denominations. Any other construction would in time serve to place the entire control of the association in the hands of the church having the most numerous representation in the vicinity. It would also increase the board of managers to a number which would make it impracticable to do business because of the difficulty of procuring a quorum among such a large body of representatives.

The decree of the court below is affirmed. Costs to be paid by appellants.